**UNITED STATES of America ex rel. Robert Lee WHITE, Petitioner,**

v.

**Carl HOCKER, Warden, Nevada State Penitentiary, Respondent.**

**Civ. No. R–2248.**

United States District Court
D. Nevada.

Nov. 18, 1969.

Robert Lee White, in pro. per.

Harvey Dickerson, Atty. Gen., Peter I. Breen, Deputy Atty. Gen., Carson City, Nev., for respondent.

ORDER

THOMPSON, District Judge.

Petitioner, lawfully confined in the Nevada State Penitentiary, petitions for habeas corpus to dislodge a "detainer" filed with the Warden of the Penitentiary, and recognized or accepted by him.

The detainer was filed May 17, 1966 by the Sheriff of Weber County, Utah, based upon a warrant issued February 8, 1966 under a criminal complaint charging forgery. On September 1, 1966, Petitioner sought a writ of habeas corpus ad prosequendum from the Weber County District Court. It was returned because no charge was then pending in that Court inasmuch as the warrant had been issued on a criminal complaint before a magistrate and no further prosecutive steps had been initiated by the prosecuting attorney.

On April 22, 1969, Petitioner wrote the Weber County Sheriff and was advised by letter that he had no intention of lifting the detainer.

Petitioner thereupon petitioned the Supreme Court of Utah, reciting his earlier efforts to obtain a prompt trial or a dismissal of the forgery charge. He sought a writ of mandamus compelling dismissal of the charge, or other relief. On August 13, 1969, the Supreme Court of Utah denied the petition, saying: "The law generally, and our statutory law is that when a person is outside the jurisdiction and not amenable to process or procedure against him, a statute of limitation does not run in his favor. This petitioner is not now in any particular hazard by reason of the file in Weber County. If and when an attempt is made to proceed thereon that may be soon enough to meet the issue he attempts to raise. Accordingly, the petition is denied." The case of Smith v. Hooey,[1] 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), was cited to the Utah Court.

1. "There can be no doubt that if the petitioner in the present case had been at large for a six-year period following his indictment, and had repeatedly demanded that he be brought to trial, the State would have been under a constitional duty to try him. Klopfer v. North Carolina, 386 U.S. 213, at 219, 87 S.Ct. 988, 18 L.Ed.2d 1. And Texas concedes that if during that period he had been confined in a Texas prison for some other state offense, its obligation would have been no less. But the Texas Supreme Court has held that because petitioner is, in fact, confined in a federal prison, the State is totally absolved from any duty at all under the constitutional guarantee. We cannot agree."

■ The ruling of Smith v. Hooey is succinctly stated in the separate opinion of Mr. Justice Harlan: "I agree that a State may not ignore a criminal accused's request to be brought to trial, merely because he is incarcerated in another jurisdiction, but that it must make a reasonable effort to secure his presence for trial. This much is required by the Due Process Clause of the Fourteenth Amendment * * *." Utah has ignored it and Petitioner's federal constitutional rights have been and are being violated. While Respondent here denies that any consequences adverse to Petitioner flow from the detainer lodged at the Nevada Penitentiary, in our view prejudice is presumed for the many reasons articulated in the *Hooey* case. Perhaps more accurately, it should be said that a prima facie case of prejudice is made by proof of a demand for a speedy trial and a rejection of the demand without making a reasonable effort to procure defendant's presence in the demanding State for trial. If such an effort had been made without avail, a much different case would be presented.

■ Has Petitioner exhausted his state remedies? He has been more than reasonably diligent in Utah. Insofar as Nevada is concerned, his first petition was lodged in this Court. But if it is evident that the state court will grant no relief, Section 2254(b) of Title 28, United States Code, does not require futile procedures. The Supreme Court of Nevada has announced that the scope of state habeas corpus does not allow a challenge to another State's detainer on complaint of denial of a speedy trial. Roberts v. Hocker, 85 Nev. ——, 456 P.2d 425. This doctrine pertains only if the "hold" or "detainer" is on process from another State. The Nevada Supreme Court requires this State, conformably with Smith v. Hooey, supra, to make a diligent good faith effort to bring a defendant confined in another State to trial on charges pending in Nevada within a reasonable time after demand is made, or to dismiss the charges.

State v. Erenyi, 85 Nev. ——, 454 P.2d 101.

The Ninth Circuit recognizes the District of Nevada, the place of Petitioner's confinement, as the Court having territorial and subject matter jurisdiction of the issue. Ashley v. Washington, 9th Cir.1968, 394 F.2d 125; George v. Nelson, 9th Cir.1969, 410 F.2d 1179. In the Ashley case, the Court said:

"Moreover, so far as we can tell, the detainer or warrant issued by the State of Washington does not purport to have any extraterritorial effect, assuming that somehow it could. If it has any effect in Florida, that is only because Florida chooses to give it that effect. If that effect deprives Ashley of any constitutional right, the federal court in which Ashley should proceed is that of the appropriate district in Florida. It has been repeatedly held that when a state deprives a person of his liberty by reason of something done to him by a sister state, the act of the sister state may be attacked by habeas corpus in the appropriate federal court in the district in which he is in custody."

The Ashley opinion antedated Smith v. Hooey, and the concept of prima facie prejudice which we find to be implicit in that opinion. It would be fruitless for us to investigate the effect of the detainer on Petitioner's prison privileges, opportunities for rehabilitation or chances for parole. The prima facie infringement of the federal constitutional right to a prompt trial is sufficient.

In George v. Nelson, *supra,* at p. 1181, the Court, discussing the contention that an official of the demanding State is an indispensable party, said:

"It is also our view that, while the challenged judgment is that of North Carolina, the California warden is a proper respondent. He is the actual custodian of George by reason of the California conviction and also as agent of the North Carolina warden, as evidenced by the detainer. If the

**488**

California warden does not wish to defend the North Carolina conviction he can call upon the authorities of North Carolina to provide that defense."

So, here, the Nevada Warden has undertaken to act as the agent of the Utah Sheriff by recognizing the detainer. He may, if he wishes, call upon Utah to defend it, and will be given that opportunity.

It hereby is ordered, adjudged and decreed that Respondent may call upon the State of Utah to defend its detainer or hold against Petitioner, and any supplementary pleading to that end shall be served and filed within thirty (30) days from date. In default thereof, a mandatory injunction shall issue requiring Respondent to dislodge and hold for naught the request, detainer or hold, however it may be called, based upon the Utah warrant for forgery.