Richard E. **WALSH**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23008.

United States Court of Appeals,
Ninth Circuit.

March 4, 1970.

Thomas R. Hogan, San Francisco, Cal., for appellant.

William B. Shubb, Special Asst. to U. S. Atty., John P. Hyland, U. S. Atty., Sacramento, Cal., for appellee.

Before CHAMBERS, JERTBERG and TRASK, Circuit Judges.

PER CURIAM:

On March 3, 1967, we filed our first opinion in this case. Walsh v. United States, 374 F.2d 421 (9th Cir. 1967). The full history of the proceedings in this case, leading up to the filing of our opinion, appears in that opinion.

We closed our opinion by stating, at page 426:

"The twenty year sentence imposed on August 14, 1964, and as modified on December 8, 1964, is vacated, and the District Court is instructed to cause appellant to be returned before the bar of the Court for further proceedings in the exercise of its jurisdiction under § 4208(b) consistent with the views herein expressed."

Following the filing of our opinion and on March 14, 1967, appellant appeared before the District Court at a hearing on a motion of his surety to exonerate bail, it appearing that on December 2, 1966, appellant was enlarged on bail, pending disposition of his first appeal to this court. The bail was exonerated and appellant was remanded to custody. On that day appellant was informed by the District Court that he would be returned to the court and would be resentenced consistent with the terms of this court's opinion upon receipt of the mandate of this court.

The mandate of this court remanding the case to the District Court was received on May 2, 1967.

Nothing further appears of record until January 18, 1968, when appellant was brought before the District Court, at which time he was informed that through oversight appellant had been overlooked, but that the court would proceed to comply with the mandate of this court.

On January 25, 1968, appellant filed a petition in the District Court for writ of habeas corpus, and on January 26, 1968, the Government filed a motion in the District Court requesting compliance with the mandate of this court.

On March 7, 1968, appellant filed in the District Court a motion for temporary restraining order and permanent injunction against the enforcement of 18 U.S.C. § 4208(b). In the body of that

motion the defendant requested that a three-judge court be empanelled pursuant to 28 U.S.C. §§ 2282–2284.

On March 27, 1968, appellant appeared before the District Court. The petition for a writ of habeas corpus, and the motion for temporary restraining order, permanent injunction and the empanelment of a three-judge court were denied. The Government's motion for compliance with the mandate was granted, and on that day appellant was sentenced to twelve years imprisonment. Under 18 U.S.C. § 4208(b), the term of the sentence shall run from the date of original commitment, to wit: May 4, 1962.

The conviction of appellant on his plea of guilty to the offense charged has never been attacked or vacated, and the underlying judgment of conviction still stands unaffected by subsequent events.

Appellant appeals from that judgment and from the orders denying the motion and petition above mentioned, and on this appeal he urges that the District Court was without jurisdiction to sentence him because such resentencing was in violation of the Fifth (Due Process) and Sixth (Speedy Trial) Amendments to the Constitution of the United States, was violative of the 180-day limitation provisions contained in 18 U.S.C. § 4208 (b), and that the court erred in not empanelling a three-judge court to pass upon the constitutionality of that section.

The only new fact in the present appeal is the delay on the part of the District Court in complying with the mandate issued on the first appeal.

In our first opinion we held that the District Court had jurisdiction to resentence appellant under 18 U.S.C. § 4208 (b); that the delay involved there in resentencing appellant was not purposeful or oppressive; and that such delay deprived appellant of no rights under the Fifth or Sixth Amendments to the Constitution of the United States. See Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), and Walsh v. United States, *supra*.

We reach the same conclusions in respect to the resentencing involved in the present appeal.

In his brief, appellant contends that he has been prejudiced by non-action on the part of the parole board. The record, however, is silent on that subject.

In the circumstances present here, we find no error in the orders of the District Court denying the petition and motion above mentioned.

The judgment appealed from is affirmed.