**Rex Milton ROSE, Petitioner-Appellant,**

v.

**Charles E. MORRIS, Secretary, Department of Social & Health Services, State of Washington, Respondent-Appellee.**

**No. 78–2613.**

United States Court of Appeals,
Ninth Circuit.

May 15, 1980.

David F. Stobaugh, Bendich, Stobaugh & Strong, Seattle, Wash., for petitioner-appellant.

Nate D. Mannakee, Olympia, Wash., for respondent-appellee.

Before DUNIWAY and WALLACE, Circuit Judges, and JAMESON,* District Judge.

DUNIWAY, Circuit Judge:

Habeas Corpus. The district court denied the writ on the ground that Rose was not "in custody pursuant to the judgment of a State court" within the meaning of 28 U.S.C. § 2254(a). We reverse.

### I. *The Facts.*

The relevant facts are these:

In 1971, in the Superior Court of Washington for King County, Rose pled guilty to two separate charges of grand larceny. He was sentenced to three and five years of probation with certain conditions attached, under Washington's deferred sentencing law, R.C.W. 9.95.210 and 220. In 1973, Rose was arrested for robbery and the use of narcotics, but no charges were brought against him for those allegations. Instead, on April 25, 1973, because of this arrest, a combined probation revocation and sentencing hearing was held concerning the two larceny convictions. Rose's probation was revoked and he was sentenced in each case to the custody of the Department of Social and Health Services for a maximum of fifteen years, the sentences to run concurrently. Rose began serving these sentences and was paroled on June 25, 1975. On March 26, 1976, Rose was convicted, in Federal court, on a narcotics charge, and sentenced to a United States penitentiary. On April 12, 1976, the Washington state court revoked his parole because he had been convicted on the Federal charge. However, at the time of the proceedings below, Rose was still incarcerated in a United States penitentiary, serving his federal sentences imposed on March 26, 1976. Washington treats his state sentences as being interrupted by his federal incarceration; they will begin to run again when he is released from the federal penitentiary and again imprisoned by the State.

In his habeas corpus petition, Rose challenges the constitutionality of the April 25, 1973 probation revocation and sentencing proceeding. We express no opinion on the merits of this challenge.

### II. *The Law.*

In *Peyton v. Rowe*, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, the Court held that a prisoner may challenge a future sentence that he is not yet serving, 391 U.S. at 67, 88 S.Ct. at 1556. Since that holding, the Court has emphasized that "habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases." *Preiser v. Rodriguez*, 1973, 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439. A state detainer warrant against a federal prisoner is sufficient "custody" to confer habeas corpus jurisdiction. *See Braden v. 30th Judicial Circuit of Kentucky*, 1973, 410 U.S. 484, 488–489, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443; *Estelle v. Dorrough*, 1975, 420 U.S. 534, 536, n.2, 95 S.Ct. 1173, 1175, n.2, 43 L.Ed.2d 377. The Court has also held that a person who has been paroled and remains under the control of a parole board may nevertheless challenge his state sentence in a federal habeas corpus proceeding provided that he has exhausted all state court remedies, as Rose has done here. *Jones v. Cunningham*, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. *See, also, Gagnon v. Scarpelli*, 1973, 411 U.S. 778, 780, 93 S.Ct. 1756, 1758, 36 L.Ed.2d 583; *Eskridge v. Rhay*, 9 Cir., 1965, 345 F.2d 778, 779, n.1.

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

■ The decision of the district court that Rose is insufficiently in custody to bring a habeas corpus petition is incorrect for two reasons. Under the holding in *Jones v. Cunningham, supra,* the facts that Rose was paroled in 1975 and that his parole was revoked in 1976, do not affect his ability to challenge the constitutionality of the 1973 proceedings leading to the imposition of his sentence. Both the parole and its revocation rest upon the 1973 sentence. Under the holdings of *Braden* and *Estelle, supra,* a detainer in the form of a communication from the Washington State Board of Prison Terms and Paroles requesting that it be notified before Rose was to be released from federal custody so that it could retake Rose and require him to begin serving the balance of his sentences (C.T.69), is sufficient "custody" to allow a habeas corpus action. To say that Rose's present state "custody" is based on his federal narcotics conviction rather than his state offenses is clearly wrong.

Reversed and remanded for further proceedings.