32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. COUGHLAN, Sr., et al., Defendant-Appellant.
 No. 93-50283.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1994.
Decided Aug. 3, 1994.
 
 1
 Before: REINHARDT and NOONAN, Circuit Judges; TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Jack Coughlan, Sr. was indicted on seventeen counts of mail and wire fraud in connection with a scheme to defraud financial institutions by means of fraudulent representations and concealment of material facts. Defendant pled guilty to one count of mail fraud, and one count of wire fraud. The remaining counts against defendant were dismissed. Defendant appeals his conviction and sentence. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 DISCUSSION
 
 4
 Coughlan argues that he was denied the constitutional right to have counsel of his choice when the district court denied his request for a one-week continuance of the trial date. We agree.
 
 
 5
 Denial of a continuance is reviewed for an abuse of discretion. United States v. Studley, 783 F.2d 934, 938 (9th Cir.1986) (citing United States v. Flynt, 756 F.2d 1352, 1358, modified on other grounds, 764 F.2d 675 (9th Cir.1985)).
 
 
 6
 The Sixth Amendment guarantees criminal defendants a qualified right to counsel of their choice. See Bland v. California Dep't. of Corrections, 20 F.3d 1469, 1478 (9th Cir.1994). When denial of a continuance implicates a defendant's Sixth Amendment right, the reviewing court must balance several factors to determine if the denial was "fair and reasonable." Studley, 783 F.2d at 938.
 
 
 7
 Those factors include: whether a continuance would inconvenience witnesses, the court, counsel or the parties; whether other continuances have been granted; whether there are legitimate reasons for delay; whether the delay is the fault of the defendant; and whether denial of a continuance would prejudice defendant. Id. at 938. Applying these factors, it is clear that the district court abused its discretion.
 
 
 8
 At the September 7, 1990 status conference, the district court learned that Coughlan and one co-defendant had not yet secured counsel. The court instructed the defendants to obtain counsel within one week, and continued the status conference until September 14. Trial was set for December 11. On September 14, Coughlan requested a one-week continuance of trial to December 18 in order to retain counsel of his choice, Joel Levine. Levine had another trial scheduled which conflicted with the December 18 trial date, and which could not be changed. The district court denied Coughlan's request and appointed counsel for Defendant. Neither counsel nor the district court suggested that a brief continuance would inconvenience the court, the witnesses, counsel or the parties. All of the parties were available on the latter date, and all of the defense attorneys represented that their clients would waive their rights to a jury trial. There is nothing in the record to indicate that the court had any other trial scheduled for December 18. Nonetheless, the district court denied Coughlan's request for a one-week continuance. Although the district court had previously granted a continuance, it did so with the concurrence of defense and government counsel just one week prior to Defendant's request for continuance. Furthermore, Defendant's reason for requesting a continuance was legitimate: he sought to exercise a constitutional right to retain counsel of his choice to represent him. The request was made three months prior to trial, and was timely. It was also reasonable, having been made for the purpose of accommodating the trial schedule of Coughlan's counsel of choice, and not for the purpose of delay. This court has held that "It [is] improper for the district court to hold counsel's busy schedule against his client...." See Martel v. County of Los Angeles, 21 F.3d 940, 944 (9th Cir.1994). Counsel's trial conflict was not the fault of Defendant.
 
 
 9
 Denial of the qualified right to counsel of choice is reversible error regardless of whether prejudice is shown. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1478 (9th Cir.1994). Clearly, however, the district court's action impermissibly burdened defendant's right to be represented by counsel of his choice, which may have been a significant factor in his decision to plead guilty. The district court's denial of Coughlan's request for a one-week continuance to allow him to be represented by counsel of his choice was unreasonable.
 
 
 10
 There is no merit to Coughlan's remaining contentions. Coughlan raises the statute of limitations issue for the first time on appeal. The statute of limitations is an affirmative defense, which is waived if not raised before appeal.[1] United States v. Akmajian, 647 F.2d 12, 14 cert. denied, 454 U.S. 964 (1981); United States v. Lemaux, 994 F.2d 684, 689 (9th Cir.1993). Coughlan has therefore waived this defense.
 
 
 11
 Coughlan's claim that his Sixth Amendment right to a speedy trial has been violated also fails. The Supreme Court has not yet decided whether the Sixth Amendment encompasses the sentencing phase of a criminal trial. United States v. Martinez, 837 F.2d 861, 866 (9th Cir.1988), (citing Tinghitella v. State of California, 718 F.2d 308, 312 (9th Cir.1983)). This court has treated the imposition of sentence as within the speedy trial guarantee, Tinghitella, id. at 312-13, but has refrained from explicitly recognizing it as such. Id. at 313. Instead, this court held in both Tinghitella and Martinez that any right to a speedy trial arises only upon the petitioner's demand. Tinghitella, id. at 313; Martinez, id. at 866.
 
 
 12
 To determine whether a violation has occurred, the reviewing court must balance four factors: the length of the delay; the reason for the delay; the defendant's assertion of the speedy trial right, and prejudice to the defendant. United States v. Williams, 782 F.2d 1462, 1465 (9th Cir.1985). A significant portion of the delay is attributable to Defendant because Defendant's counsel requested a continuance of the sentencing date on two occasions. Defendant never made a demand for a speedier sentencing, and Defendant was not prejudiced; in fact, he was never incarcerated during the delay; rather, he remained free on bond and was allowed to self-surrender. Under these circumstances, a delay of eight months was not unreasonable.
 
 
 13
 Nor did the district court's delay in denying Coughlan's Rule 35 motion for modification of sentence violate his right to a speedy trial. Defendant cites no authority for his proposition that speedy trial rights extend to post-sentencing motions.
 
 
 14
 The district court's denial of defendant's request for a one-week continuance was reversible error. Accordingly, we REVERSE and REMAND for New Trial.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even assuming the issue had not been waived, Coughlan still would not prevail on this claim. The record reflects that Coughlan signed several waivers encompassing an unbroken period of extension of the limitations period beginning on April 28, 1989, and continuing through July 31, 1990. See Appellee's Excerpts of Record at 1-12