[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner has filed a writ of habeas corpus in connection with his confinement as a fugitive from justice under C.G.S. § 54-169. The facts are undisputed. The petitioner was the subject of a bench warrant from New York dated August 22, 1990. He had entered a guilty plea to a felony charge in New York and was released on his own recognizance pending sentencing; however, he never appeared at his sentencing and was incarcerated in Connecticut on a different charge when the New York bench warrant was lodged as a detainer against him on January 3, 1991. He then CT Page 8889 filed a Request for Final Disposition of all untried indictments, informations and complaints under the Interstate Agreement on Detainers ("IAD"). Petitioner's request was received by the New York authorities on or about February 13, 1991, but the petitioner was never returned to New York for sentencing. On August 28, 1991, he was released after serving his Connecticut sentence. Again, the petitioner was arrested and incarcerated on a heretofore unrelated matter. On June 7, 1994, the petitioner was arrested by the Connecticut State Police and charged with being a fugitive from justice from New York based on the 1990 felony charge for which he had not yet been sentenced.
The pivotal issue in this case is whether a guilty plea without the imposition of a sentence constitutes a tried or untried indictment, information or complaint. Article III(a) of IAD provides that when a prisoner is incarcerated in one state and makes a proper request for trial of "any untried indictment" upon which a detainer has been lodged against him, he must be "brought to trial" within 180 days of the request for "final disposition of the indictment." If not tried within 180 days, the detainer must be dismissed "with prejudice." Id., Art. V(c).
The respondent argues that since the petitioner was found guilty, the case was "tried" and IAD does not apply. The petitioner claims that since he was not sentenced, the matter is "untried" and the 180 day period under the agreement has run.
Since IAD is a congressionally sanctioned interstate compact, it is a law of the United States subject to federal interpretation.
Petitioner cites the case of Tinghitella v. California,718 F.2d 308 (9th Cir. 1983), which specifically addresses the disposition of a case short of sentencing. In concluding that the terms "trial" and "final disposition" as set forth in the IAD "encompass sentencing," it therefore obligates the requesting state to act within the 180 days. IAD, art. IX.
The petitioner effected proper filing of a Request for Final Disposition after a detainer was filed against him by New York authorities based on his guilty plea to felony charges. He was not sentenced in person or in absentia by New York and the Tinghitella
case requires the court to regard the New York charges as untried.[1]
Accordingly, the 180 day window is now closed and the petitioner's writ of habeas corpus is granted. CT Page 8890
STANLEY, J.