[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PETITIONER'S MOTION TO DISMISS
The petitioner had entered a guilty plea to a felony charge in New York State and had been released on his own recognizance pending sentencing. He did not, however, appear for his sentencing, and a bench warrant was issued in New York on August 22, 1990. While incarcerated in Connecticut on unrelated charges, the New York bench warrant was lodged against him as a detainer on January 3, 1991. Pursuant to the Interstate Agreement on Detainers, the petitioner filed a request for a final disposition of all "untried indictments, informations and complaints", which request was received by New York authorities on or about February 13, 1991.
Following the receipt of petitioner's request, no action was undertaken to return him to New York for sentencing. Indeed, on August 28, 1991, he was released from incarceration after having served his Connecticut sentence with New York's having done nothing to effect his return. He was arrested again in Connecticut on new charges. Then, on June 7, 1994, he was arrested by the Connecticut State Police and charged with being a fugitive from justice from New York based on the 1990 felony charge for which he has still not yet been sentenced.
The petitioner filed a petition for writ of habeas corpus. This court, Stanley, J., found that the State of New York had lost its right to pursue the petitioner as a fugitive from justice when it failed to act within 180 days of receiving his request for final disposition. Relying on Tinghitella v.California, 718 F.2d 308 (9th Cir. 1983), Judge Stanley concluded that the New York case was an "untried indictment" within the meaning of the Interstate Agreement on Detainers and that the CT Page 3942 petitioner's request to be returned was proper under that Agreement. Because the court viewed the New York effort to have the petitioner returned as untimely, it granted the writ of habeas corpus.
Following this decision, this court, Reilly, J., dismissed the warrant charging the petitioner with being a fugitive from justice. The state was granted certification to appeal Judge Stanley's decision, which it has done. The habeas court's decision was stayed pending appeal, but that stay was terminated without objection by Judge Stanley on November 23, 1994. The petitioner completed his Connecticut sentence on January 6, 1995. He was released from incarceration, but was immediately arrested again by the Connecticut State Police pursuant to a governor's warrant seeking to return him to New York. The petitioner was released on a written promise to appear, and he then filed this new habeas corpus petition to challenge the governor's warrant. The validity of both the original fugitive from justice proceeding and the instant governor's warrant depends on whether the petitioner is a "fugitive", and the petitioner claims that the issue of fugitivity in this case is identical to the issue of fugitivity as determined in connection with the petitioner's Interstate Agreement on Detainers request.
For reasons that are unclear, however, the petitioner has sought to raise this issue by filing a motion to dismiss the governor's warrant pursuant to his habeas petition. He has alleged that the relief he seeks is compelled by the doctrines of res judicata and/or collateral estoppel. He also argues generally that it is premature for the state to pursue a governor's warrant until the appeal of the original habeas corpus action has been resolved.
From a procedural standpoint, however, the petitioner has created confusion. He has filed his motion "pursuant to sections 530, 534, 143 and all other relevant sections of the Connecticut Practice Book", but none of the three sections which he cites authorizes the relief which he seeks, and no "other relevant sections" of the Practice Book come readily to mind. Section 530 merely provides for the format for the application itself. Section 534 authorizes a motion to strike the return and other pleadings, but not a motion to dismiss the governor's warrant itself. Section 143 deals with a defendant's right to dismiss an action on jurisdictional grounds, but there is no cross complaint or counterclaim for the petitioner to dismiss here, and he CT Page 3943 clearly is not seeking to have his own petition dismissed.
The gravamen of the petitioner's motion appears to be his res judicata and collateral estoppel claims, issues for which a motion for summary judgment is generally considered to be the most appropriate vehicle. Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 627 A.2d 374 (1993); Zizka v. Water Pollution ControlAuthority, 175 Conn. 682, 687, 490 A.2d 509 (1985); CovenantHome, Inc. v. Town of Cromwell, 4 C.S.C.R. 26 (1989).
The procedural differences between motions to dismiss and motions for summary judgment are substantial enough that it would be unwise and unfair for this court simply to treat the instant motion as one for summary judgment and to decide the issues accordingly without the consent of the parties. The motion to dismiss is therefore denied, but without prejudice to the parties' right to litigate the issues purported to be raised by this motion in the proper procedural context. Should the petitioner file a motion for summary judgment, the parties may, if they wish, rely on their previous memoranda of law without resubmitting them or restyling them as memoranda of law in support of or in opposition to summary judgment. Whether or not they file new memoranda of law, however, they are encouraged to request oral argument.
Jonathan E. Silbert, Judge