**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50034 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05151-LAB-1 |
| v. | |
| FRANCISCO JAVIER SANTIAGO-HERNANDEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 7, 2012
Pasadena, California

Before: REINHARDT, SILVERMAN, and WARDLAW, Circuit Judges.

Francisco Santiago-Hernandez appeals the sentence imposed by the district

court following his guilty plea to illegal reentry after deportation in violation of 8

U.S.C. § 1326(a). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Santiago-Hernandez argues that the district court committed reversible error by supposedly negotiating the sentence with him, relying on *United States v. Gonzalez-Melchor*, 648 F.3d 959 (9th Cir. 2011). There was no negotiation. The record shows that the district judge was thinking out loud about his possible sentencing options and invited the defendant to comment. The defendant objected to one of the options, and the judge imposed the other one. This is unlike *Gonzalez-Melchor,* where a reduced sentence was offered in exchange for an appeal waiver. *See id.* at 965.

Santiago-Hernandez also argues that the district court committed procedural error by failing to explain sufficiently why a twelve-month prison sentence followed by one year of supervised release was not greater than necessary under 18 U.S.C. § 3553(a), given that the court was also contemplating a possible five-year probationary sentence. However, the court explained that the defendant's serious and recent prior record and the danger to the public he posed called for a sentence involving both incarceration and a period of supervision. The sentence imposed was well below the statutory maximum and not unreasonable.

AFFIRMED.

*United States v. Santiago-Hernandez*, No. 12-50034
REINHARDT, Circuit Judge, dissenting.

The "bright line rule" under Fed.R.Crim.P. 11(c)(1) that prohibits judges from participating in the plea bargaining process extends to the sentencing phase, and has been recognized to preclude courts from eliciting waivers from the defendant, including waivers of the statutory right to appeal, or of objections to a presentence report. *United States v. Bruce*, 976 F.2d 552, 556 (9th Cir. 1992); *United States v. Gonzalez-Melchor*, 648 F.3d 959 (9th Cir. 2011)*; United States v. Markin*, 263 F.3d 491 (6th Cir. 2001). Among the many reasons for extending this prohibition is the explicit recognition that a judge who offers a sentence in exchange for a waiver of some right "may view unfavorably a rejection of the waiver and take that rejection into account at sentencing." *Gonzalez-Melchor,* 648 F.3d at 964.  This loss of impartiality, as well as the threat to judicial integrity and the unacceptably-high risk of coercion that unfailingly accompanies a judge's negotiation with a criminal defendant exists whenever that negotiation takes place, and no matter what type of waiver is sought and whether that negotiation is successful.

Despite the majority's conclusion to the contrary, the record clearly shows that the judge was not merely "thinking out loud" when he offered Santiago-

1

Hernandez the option to delay his sentencing in order to impose an unlawful sentence of 10-months imprisonment coupled with a five-year term of probation. At sentencing, the judge informed Santiago-Hernandez that he intended to vary upward from the guideline maximum of six months if he went forward with sentencing that day. He presented the defendant with the "option . . . to postpone sentencing," so that Santiago-Hernandez would "come back in early August with time under his belt," and be sentenced at that time to a five-year probationary term – effectively imposing an unreviewable 10-month sentence in addition to probation. Although the judge did not inform Santiago-Hernandez what the alternative sentence would be if he elected not to waive his right to a speedy sentence, the judge did tell him that "the determination was his" and requested that counsel "talk to him about his options" before the proceedings continued. Such conduct is clearly prohibited under Rule 11, and is even more explicitly an attempt at negotiation than the conduct recognized in *Gonzalez-Melchor*, in which the court merely stated that a "promise" from the defendant that he was "not going to expend additional resources to pursue this thing" would "go a long way" towards reducing the sentence imposed. *Id.* at 961.

In this case, the defendant declined the judge's express offer and, after the defendant objected, the judge attempted to re-characterize this obvious attempt to

2

negotiate with the defendant as a mere "mention" of a "possibility." The majority apparently accepts the court's disingenuous explanation of its behavior and ignores the verbatim record of the proceedings in which the judge presented an offer of a 5-year probationary sentence in exchange for Santiago-Hernandez's waiver of his right to a speedy sentence. There is no reasonable interpretation of the record that permits the majority's conclusion that no negotiation took place.

"[T]his circuit and others have treated sentencing as included within the speedy trial guarantee" provided under the Sixth Amendment, which imposes a "constitutional duty of the state to make a diligent, good-faith effort to sentence." *Tinghitella v. State of Cal.*, 718 F.2d 308, 312 (9th Cir. 1983). After being detained for 101 days, Santiago-Hernandez came before the court to be sentenced under his plea agreement in which both parties recommended a 60-day sentence. At sentencing, the court rejected the recommendations of the parties. Rather than imposing a sentence of either a term of probation up to five years *or* a sentence of imprisonment for up to two years along with up to a one year term of supervised release – two options that are available to the court under the statute, 18 U.S.C. § 3561; 18 U.S.C. § 3583(b)(3) – the court attempted to impose a term of imprisonment *in addition to* a probationary term of five years by requiring the defendant to waive his right to be sentenced at that time and instead return after he

3

had been incarcerated for ten months. Such conduct does not reflect a "diligent, good-faith effort to sentence," and was a blatant attempt by the court to circumvent the law.

Although Santiago-Hernandez did not acquiesce in the court's attempt to impose an unlawful sentence, capitulation is not required for the existence of a Rule 11 violation. The prophylactic purpose behind Rule 11 is not served by refusing to find error where the court presents the defendant with an offer in exchange for the waiver of his right – particularly where that offer would result in the imposition of an unlawful sentence. In this case, "the record leaves unrebutted the inference" that the court's impartiality was compromised in the wake of the defendant's unwillingness to accept the court's proposed sentencing arrangement. *United States v. Stockwell*, 472 F.2d 1186, 1187 (9th Cir. 1973). I would therefore hold that the court's failed negotiation with Santiago-Hernandez constituted a violation of Rule 11, would vacate his sentence, and would remand for resentencing before a different judge.