## PEOPLE v. SHERMAN.

### No. 20,922; April 11, 1893.

#### 32 Pac. 879.

**Information—Indorsing Names of Witnesses.**—The names of witnesses examined before the committing magistrate need not be inserted at the foot of or indorsed on the information filed in court against defendant after he had been examined before such magistrate, though Penal Code, section 943, provides that when an indictment is found the names of the witnesses before the grand jury must be so indorsed.[1]

**Larceny.—Where There is Evidence Before the Convicting Magistrate** that a watch was taken from one B. when he was asleep, and when defendant and one F. were present, and it was afterward found concealed on the person of F., so as to indicate that it must have been taken feloniously, a finding by the trial court that defendant had been legally committed by the magistrate will not be disturbed on appeal.

**Larceny.—The Stealing of a Watch from the Person** of another is grand larceny, though the value of the watch is less than $50.

[1] Cited and followed in People v. Neary, 104 Cal. 377, 37 Pac. 943, the court saying: "There is no requirement that the names of witnesses shall be indorsed upon an information, section 943 of the Penal Code applying only to indictments."

Witness.—Testimony to Show Improper Relations between the state's witnesses, a man and woman, in order to impeach the woman's testimony, is inadmissible.

Instructions.—The Court has a Right to Amend Imperfect instructions submitted.

APPEAL from Superior Court, Placer County; J. E. Prewett, Judge.

Al. Sherman was convicted of grand larceny and appeals. Affirmed.

L. L. Chamberlain for appellant; Attorney General Hart for the people.

BELCHER, C.—The defendant and one Lulu Franks were examined before a magistrate, and held to answer upon a complaint charging them with the crime of larceny, committed in the county of Placer, on or about the seventh day of June, 1891, by "willfully, unlawfully, feloniously, and maliciously stealing, taking, and carrying away one watch of the value of $75, the property of one S. T. Bowers." Thereafter the district attorney filed in the superior court of the county an information charging that the defendant, on or about the seventh day of June, 1891, in the county of Placer, "did then and there feloniously steal, take, and carry away from the person of S. T. Bowers one gold watch, of the value of seventy-five dollars," etc. When the defendant was called upon to plead to the information, he moved the court to set it aside upon the grounds: "(1) That the names of the witnesses examined before the committing magistrate are not inserted in or at the foot of said information, or indorsed thereon. (2) That before the filing of said information the said defendant had not been legally committed by a committing magistrate, in this: that after hearing the proofs it did not appear that a public offense had been committed, and there was not sufficient cause to believe the defendant guilty thereof." The court denied the motion, and the defendant, reserving an exception to the ruling, then pleaded not guilty to the charge. Subsequently the defendant was tried and found guilty of grand larceny, and judgment was entered that he be imprisoned in the state prison at Folsom for the

term of six years and three months. From this judgment, and an order denying his motion for a new trial, defendant appeals.

The first point made for a reversal of the judgment is that the court erred in refusing to set aside the information upon both of the grounds stated in the motion. Section 943 of the Penal Code provides: "When an indictment is found, the names of the witnesses examined before the grand jury, or whose depositions may have been read before them, must be inserted at the foot of the indictment, or indorsed thereon, before it is presented to the court." And section 995 of the same code provides that an indictment must be set aside, on motion, upon several grounds, and, among others, when the names of the witnesses are not inserted or indorsed as required. There are, however, no provisions requiring the names of witnesses to be inserted at the foot of or indorsed upon an information, and the only grounds stated on which an information must be set aside are: "(1) That before the filing thereof the defendant had not been legally committed by a magistrate; (2) that it was not subscribed by the district attorney of the county": See sections of code above cited. It is clear, therefore, that the court rightfully refused to set aside the information upon the first ground stated.

As to the second ground, it is earnestly urged that defendant had not been legally committed by a magistrate, because there was no evidence before the magistrate showing that he was guilty of the offense charged. But there was evidence showing that the watch had been taken from the person of Bowers when he was asleep, and when defendant and Lulu Franks were both present; and besides, it was afterward found concealed upon the person of Lulu Franks, in such a way as to clearly indicate that it must have been taken feloniously. We do not think, therefore, that it can be said there was no evidence tending to show the defendant's guilt, and, this being so, the ruling of the court below cannot be disturbed on appeal.

It is next claimed that the evidence was insufficient to justify the verdict, and that at most defendant should have been convicted of petit larceny only. This claim is rested upon the fact that the principal evidence that defendant took the watch from the person of Bowers was that of Lulu Franks,

an accomplice, and that the value of the watch was proved to be only "about $45." But the testimony of the accomplice was amply corroborated by other evidence, and, if the watch was taken from the person of Bowers, the offense was grand larceny, whether its value was greater or less than $50: Pen. Code, sec. 487. There is no merit, therefore, in this point.

When the prosecution rested, the defendant called as a witness Esther Brown, who testified that she had been in the county jail, and that "Miss Frank's room and mine were right alongside." She was then asked, "Did you see anyone, or did you see Mr. Brisentine, enter this woman's room?" The question was objected to by the district attorney as irrelevant and immaterial, and the objection sustained. This ruling is now assigned as error, and it is said by counsel that "Brisentine was a witness for the prosecution, as was also Lulu Franks, and it was proper for the defense to show the character of Lulu Franks, and her deportment while in jail, together with the relation existing between her and Brisentine." If, as would seem from the language above quoted, the purpose was to show improper relations between Brisentine and Lulu Franks, and thus to impeach her testimony, the question was clearly irrelevant and immaterial, as that is not the way prescribed for impeaching a witness: Code Civ. Proc., secs. 2051, 2052. We see no error in the ruling.

Finally, it is claimed that the court erred in modifying, and giving to the jury as modified, certain instructions asked by defendant, and in refusing to give certain others asked by him, and also in giving certain instructions of its own motion. The learned attorney, however, simply quotes the instructions, and says the action of the court in regard to them was erroneous. The defendant requested the court to give to the jury thirty-two separate instructions, and it gave twenty-two of them as requested, amended two, and gave them as amended, and refused to give eight. It also gave four instructions of its own motion. The instructions, as amended, stated the law correctly. The court had a right, therefore, to make the amendments, and its action cannot be complained of: People v. Dodge, 30 Cal. 448; People v. Hall, 94 Cal. 595, 30 Pac. 7. The instructions not given were properly refused, because some of them had already been substantially given, and the others did not correctly state the law of the case. There was, therefore, no error in the refusal. The in-

structions given by the court of its own motion were general statements of the law, and such as have been given in criminal cases and approved by this court many times. The instructions, as a whole, covered the case, and seem to have been full and correct. We find no prejudicial error in the record, and advise that the judgment and order be affirmed.

We concur: Vanclief, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.