THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELADIO ORTIZ BONILLA, Defendant and Appellant.

No. 15455. Argued March 8, 1954.—Decided March 15, 1954.

232

*Eladio Ortiz Bonilla, pro se. José Trías Monge, Attorney General,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Appellant was prosecuted jointly with Juanita Montañez Hernández in the former District Court of Puerto Rico, San Juan Section, for the crime of grand larceny committed, as charged in the information, by taking from the person of Ángel Luis Romero Mercado a wallet containing the sum of eleven dollars, belonging to the latter. He was tried by the court without a jury and sentenced to serve from ten to twelve years in the penitentiary on the ground that he was a repeated offender. He appealed praying for reversal of the judgment on the ground that the court committed several errors, which are assigned.

The first of those errors alleges that the trial court erred in finding him guilty notwithstanding the fact that the information is at variance with the evidence as respects the

sum of money found in the wallet. Appellant's contention rests on the fact that it was charged in the information that there were eleven dollars in the wallet, while the aggrieved party testified that it was seven dollars. The assignment is without merit. Larceny, according to § 426 of the Penal Code, is the felonious stealing of the personal property of another. Section 428 of that Code provides that "Grand larceny is larceny committed in either of the following cases: 1. When the property taken is of the value of one hundred dollars and upwards. 2. When the property is taken from the person of another."

The appellant was prosecuted for violation of the latter subdivision, which does not require that the property taken have a precise value, provided, of course, it has a value. What makes the larceny in the instant case grand larceny is that the property involved in the crime *was taken from the person*. In view of the foregoing, the fact that the wallet contained a sum of money different from that charged in the information is immaterial. *People* v. *Gray*, 5 Pac. 240, 244 (Cal.); *People* v. *Sherman*, 32 Pac. 879 (Cal.); *People* v. *Nelson*, 56 Cal. 77, 80.[1]

■ The second, third and fourth assignments deal with certain contradictions in the weighing of the evidence by the trial court, as alleged by appellant. We have examined the transcript of the evidence and find that the evidence supports the judgment appealed from, and that there is no reason why we should disturb the conclusion reached by that court regarding defendant's guilt.

■ Appellant alleges in the last assignment that he was incarcerated for more than six months awaiting trial, and that the judgment should be reversed on this ground. He invokes the provisions of § 11, Art. II of the Constitution of the Commonwealth of Puerto Rico, which provides that "In-

---

[1] The taking of a wallet from a person, even though it does not contain any money, is, of course, the crime of grand larceny referred to in subdivision 2, *supra*.

carceration prior to trial shall not exceed six months." Irrespective of the fact that the record does not disclose the date of incarceration, the latter constitutional provision does not admit of the interpretation urged by appellant. According to that interpretation, the incarceration of a person prior to trial for more than six months is illegal, and that illegality may be attacked in a habeas corpus proceeding. However, the fact that incarceration in excess of that period is in itself illegal, does not imply that on that fact alone the prosecution cannot be carried through; in other words, that the defendant is exonerated from the crime. See Sessions of the Constitutional Convention of Puerto Rico, pp. 603–604.

The judgment appealed from will be affirmed.