[Crim. No. 6579.    Second Dist., Div. One.    Aug. 25, 1959.]

THE PEOPLE, Respondent, v. LOUIS CANO MONTES et al., Defendants; OSCAR JOE CHAVEZ, Appellant.

Oscar Joe Chavez, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a judgment of conviction after the appellant was found guilty of grand theft from the person and the further finding that he previously had been convicted of an escape, a felony.

On June 16, 1958, in an information filed in Los Angeles County, the appellant, Chavez and the defendant Montes were charged with violating the provisions of section 487, subd. (2), Penal Code (grand theft from the person). A prior conviction of the appellant was also alleged in the information. The codefendant, Montes, was also charged in a second count with violating the provisions of section 11500, Health and Safety Code (possessing heroin).

Chavez pleaded not guilty on June 18, 1958. There appears to be nothing in the minutes or in the court reporter's notes with reference to the matter of the alleged prior conviction excepting the supposed findings of the judge who sentenced Chavez and to which reference will later be made.

Chavez waived a jury trial and it was stipulated that the cause be submitted on the transcript of the preliminary hearing. Each side reserved the right to introduce additional evidence and each side did introduce such evidence at the trial. Chavez was found guilty. The court at the time of sentencing Chavez found the prior conviction to be true. On October 24, 1958, Chavez was sentenced to the state prison.

A notice of appeal was filed with the clerk on November 6, 1958. The notice was dated November 2, 1958, at the top of the page and directed to ''Judge Fildew'' who was the judge who heard the case and found the appellant guilty but who was not the judge who found with reference to the prior conviction and sentenced the appellant. There is no envelope attached to the notice of appeal which might disclose when it was mailed or whether it was mailed or delivered within the legal time limit. There is no motion upon the part of the respondent to dismiss the appeal. We will consider that the notice was mailed on time.

A résumé of the facts is as follows:

On May 17, 1958, about 4:45 p. m. Mrs. Anna Holder was taking a walk on Rosewood Avenue near her home on said street. She had the feeling that someone was behind her and as she turned holding her purse in her left hand someone crushed her hand and she dropped the purse. The thief picked up the purse and started to run toward a car which was in the street and was being driven by a man. The appellant got into the car and it was driven away. Mrs. Holder saw the person who took her purse and screamed and attempted to chase the thief. She identified the appellant as the person who crushed her hand and took the purse. She identified Montes, the codefendant, as the driver of the car in the street. In the purse there were, among other things, about $5.00 in money and a bank book belonging to Mrs. Holder.

Officer Traylor of the Los Angeles Police Department testified that sometime prior to May 20, 1958, he had received information from an informant that two male Mexicans, ages 23 to 30, of medium height and complexion, driving a blue-gray four-door sedan, California license Number LZX 184, had attempted to sell merchandise, and, among other things, some automobile tires, at a reduced rate. The informant also stated that in his opinion both of the men were narcotic users. The officer stated that the informant was reliable.

On May 20, 1958, at about 1:15 p. m., Officer Traylor was driving north on Indiana Street where he noticed the car

above described in front of him. He checked his record with reference to the license number of the car and then followed it for some blocks. The officer then pulled up behind the car and blew his horn and had the car pull over to the curb. Montes, the codefendant, was driving the car and Chavez, the appellant, was a passenger. Each of the occupants got out. The officer recognized Chavez who was known to him as a user of narcotics and as one who had once been the subject of a search in which the officer had participated. Both men came toward the police car. Officer Traylor requested assistance by police radio. The officer then got out of the police car. Montes and Chavez each had on short-sleeved shirts and the officer noticed immediately that each of them had what appeared to him to be recent puncture wounds on their arms and the officer recognized such wounds as being associated with narcotics.

After the officer saw and recognized the puncture wounds he directed Montes to step over to the curb. Chavez was standing there also. Montes asked the officer what he was being stopped for and the officer did not answer him immediately. The officer wanted to separate Chavez and Montes, and Chavez seemed to be reluctant to move to the front of the car. The officer finally commanded Chavez to move up and he did so. Montes again asked the officer what he was being arrested for and he was told that it was upon ''suspicion of narcotics.'' While the officer was attempting to put handcuffs on Montes, Chavez started to move away from the front of the car toward the corner and several times was told by the officer to stop. Chavez kept moving until the officer drew his revolver and demanded that he stop, at which time Chavez came back. Montes was handcuffed and placed in the back of the police car. Chavez was watched. The second police car arrived. At the point where Montes and Officer Traylor had been standing there was lying on the sidewalk a finger stall which contained white capsules containing a white powder which was afterwards determined to be heroin.

The officers then searched the automobile, California license Number LZX 184 and found a spoon, a hypodermic needle and eyedropper in a package above the sun visor; and a green box containing gelatin capsules in a shirt pocket which Montes said belonged to him. They also found in the glove compartment of the car a bank book which was identified by Mrs. Holder as being her bank book and as having been in her purse at the time it was stolen. In a conversation with the

police Chavez admitted that he used heroin two or three times a week. Montes said that he owned the capsules in the green box and the hypodermic outfit.

Chavez testified that at the time of the purse stealing he was washing the car of a friend. The sister of Chavez and two friends also testified to the same effect. Montes testified that he was the one who had stolen the purse and that Chavez had nothing to do with it.

At the preliminary hearing counsel for Chavez cross-examined Mrs. Holder but he did not cross-examine Officer Traylor. No motion was made in behalf of Chavez to strike the testimony of the officers nor was any contention made by him that the arrest, search and seizure was anything other than proper.

At the trial in the superior court, Mrs. Holder testified and counsel for Chavez cross-examined her and offered to have his client take a lie detector test and use the results in evidence. The district attorney would not stipulate to such.

Chavez testified at the trial and denied that he knew anything about the narcotics and further denied that he had stolen the purse. Montes testified at the trial and stated in effect that it was he who had stolen the purse of Mrs. Holder. A motion was made as to Montes to quash the evidence upon the ground of illegal search and seizure. The motion was denied. No motion was made by counsel for the appellant.

Appellant now contends that: (1) the evidence is insufficient; (2) he was erroneously charged with a felony instead of a misdemeanor; (3) the court should have allowed appellant to obtain the name of the informant on cross-examination and that the evidence was illegally obtained and should have been excluded; (4) he was denied a speedy trial; (5) he was never allowed to plead to his former convictions, and (6) the court erred in disregarding his alibi witnesses.

With reference to the claim of insufficiency of the evidence it is not the duty of this court to reweigh the evidence. The credibility of the witnesses, the weight to be given to their testimony and the determination of guilt or innocence of the defendant are matters within the province of the trial court. (*People* v. *Chesney,* 72 Cal.App. 570, 574 [237 P. 793] ; *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758].)

The judge obviously believed Mrs. Holder and disbelieved the codefendant Montes and the alibi witnesses, which, under the circumstances, was within the province of the judge. (*People* v. *Brooks,* 131 Cal. 311, 315 [63 P. 464].)

Appellant's offer to take a lie detector test was meaningless under the circumstances. (See *People* v. *Houser,* 85 Cal. App.2d 686, 695 [193 P.2d 937] ; *People* v. *Wochnick,* 98 Cal. App.2d 124, 128 [219 P.2d 70] ; *People* v. *Porter,* 136 Cal. App.2d 461, 470 [288 P.2d 561].)

■ Appellant was properly charged with the commission of a felony. He insists that because there was only $5.00 in the purse that it was petty theft and not grand theft. The pertinent section of the code section is as follows:

"Grand theft is theft committed in any of the following cases:

"1. . . . . . . . . . . .

"2. When the property is taken from the person of another.

"3. . . . . . . . . . . ."

(See *People* v. *Alexander,* 92 Cal.App.2d 230 [206 P.2d 657] ; *People* v. *LaRocca,* 68 Cal.App.2d 652 [157 P.2d 378] ; *People* v. *Crenshaw,* 63 Cal.App.2d 395 [146 P.2d 690] ; *People* v. *Fiegelman,* 33 Cal.App.2d 100 [91 P.2d 156] ; *People* v. *Sherman,* 3 Cal.Unrep. 851 [32 P. 879].)

■ With reference to the claim that the court should have allowed the appellant to obtain the name of the informant and that there was an illegal search and seizure, we believe that there is no merit to such contention.

■ It was appropriately said in *Priestly* v. *Superior Court,* 50 Cal.2d 812, 819 [330 P.2d 39] :

"A defendant cannot raise the problem of nondisclosure in the appellate courts when he did not seek disclosure at the trial or preliminary hearing or did not move to strike the testimony on a refusal to disclose. (*People* v. *Johnson, supra,* 157 Cal.App.2d at 559 [321 P.2d 35] ; *People* v. *Gorg,* 157 Cal.App.2d 515, 523 [321 P.2d 143] ; *People* v. *Lundy,* 151 Cal.App.2d 244, 249 [311 P.2d 601].) Upon his failure to do either at that time, evidence of information from a reliable informer is thereafter unobjectionable and may be sufficient to sustain a finding that the search was made with reasonable cause. (*Willson* v. *Superior Court, supra,* 46 Cal.2d at 294-295 [294 P.2d 36] ; *People* v. *Dupee,* 151 Cal.App.2d 364, 367 [311 P.2d 568] ; *People* v. *Dean,* 151 Cal.App.2d 165, 167 [311 P.2d 85] ; *Lorenzen* v. *Superior Court,* 150 Cal.App.2d 506, 513 [310 P.2d 180].) "

■ In the present case appellant Chavez did not object to the officers' testimony at any stage of the proceeding and

did not make any motion to quash or take any other appropriate steps if such could have been taken.

■ As to the question of a speedy trial, the information was filed on June 16, 1958, the cause started to trial on August 7, 1958, and after certain stipulations were entered into, the appellant himself asked that the matter be continued to August 18, 1958, to the end that he could secure some witnesses. The cause was concluded on August 18, 1958. The law only requires that a case start within 60 days within the filing of the information and not that it be completed within such time.

■ The appellant's contention with reference to the matter of the prior conviction or convictions is, we believe, well taken. The record does not disclose that the appellant was ever asked if he admitted or denied the alleged prior conviction nor was there any evidence of any sort introduced with reference to any prior conviction. It is true that the judge at the time of the sentencing of the appellant said, ''The Court finds likewise that the prior convictions alleged in this information against you, pursuant to the stipulation heretofore entered into is true.'' A search of the transcript and the minutes and record discloses no such stipulation.

As to the assertion that the court disregarded the testimony of the alibi witnesses we have already made reference thereto and determined that there is no merit to such contentions.

That part of the judgment finding that the defendant had previously been convicted of a felony and had served a term in prison therefore is reversed and the cause is remanded to the trial court with directions to re-sentence the defendant after the conclusion of a limited new trial on the issue of the challenged prior conviction.

White, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied September 22, 1959, and the opinion and judgment were modified to read as printed above.