**STATE of Tennessee, Appellee,**

v.

**L.H. HILL, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 29, 1993.

Permission to Appeal Denied by Supreme Court March 7, 1994.

William W. Nowlin, Memphis, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, John W. Pierotti, Dist. Atty. Gen., Judson W. Phillips, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

WHITE, Judge.

The appellant, L.H. Hill, appeals from his conviction for sale of a controlled substance in violation of Tennessee Code Annotated Section 39–17–417. Appellant was sentenced to serve thirty years as a persistent offender in the Tennessee Department of Corrections. On appeal, appellant raises three issues:

1. Whether his conviction and sentence violate the Interstate Compact on Detainers in that his sentencing hearing was held after the one hundred eighty day time limit required by Tennessee Code Annotated Section 40–31–101, Article III, had expired.

2. Whether the trial court erred by instructing the jury on flight.

3. Whether the evidence supports the jury verdict.

Finding no error, this court affirms the judgment of the trial court.

On December 28, 1990, the appellant and two co-defendants [1] were arrested during an undercover drug buying operation conducted by the Specialized Patrol Unit of the Memphis Police Department. On March 15, 1991, the appellant was indicted for the unlawful sale of cocaine, the unlawful possession of cocaine with intent to sell, and the unlawful possession of cocaine with intent to deliver.

Prior to September, 1991, and before he was brought to trial by the State of Tennessee, appellant was incarcerated in the Federal Correctional Institution at Memphis, Tennessee.[2] Pursuant to the Interstate Compact on Detainers to which Tennessee is a party, Shelby County officials filed a detainer with the appropriate federal prison authority.[3] On September 18, 1991, appellant exercised his rights under the detainer compact and forwarded a request for disposition of the untried charges to the Shelby County District Attorney General. *See* Tennessee Code Annotated § 40–31–101, Art. III (1990 Repl.). Appellant was made available to Shelby County for disposition of the state charges against him.

On November 6, 1991, appellant was arraigned and appointed counsel. His trial began on January 27, 1992, and on January 29, 1992, the jury found appellant guilty. On April 13, 1992, the trial court sentenced appellant to thirty years in the Department of Corrections as a persistent offender. Appellant moved to dismiss the charges against him arguing that the trial court no longer had authority to sentence him since the case had not been brought to "final disposition"

within one hundred eighty days of his petition for final disposition. On May 15, 1992, the trial court denied both appellant's motion to dismiss and his motion for a new trial.

## I.

Appellant argues that since "final disposition" of the charges against him was not achieved within the time period allotted by the Interstate Compact on Detainers (hereinafter "Compact"), Tennessee Code Annotated Section 40–31–101, the charges and verdicts against him should be rendered invalid. While the final sentencing hearing in this case was not held until some two hundred eleven days after September 18, 1991, the date on which appellant signed his request for final disposition of the charges against him, the Compact was not violated.

 The purpose of the Compact is to encourage the expeditious and orderly disposition of any outstanding charges and to determine the proper status of any and all detainers. Tenn.Code Ann. §§ 40–31–101 *et seq.* (1990 Repl.). The Compact was adopted based on legislative findings that outstanding charges and the concomitant uncertainties "obstruct programs of prisoner treatment and rehabilitation." *Id.* Art. I. "Accordingly, the purpose ... is 'to encourage the expeditious and\b orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints.'" *Id.* (quoted in *Carchman v. Nash*, 473 U.S. 716, 720, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985)). Thus, upon request by the prisoner, a state lodging a detainer must either bring the prisoner to trial within the time allotted or dismiss the charges. *Id.* at 724, 105 S.Ct. at 3405. In this way, a prisoner is able to dispose of detainers which may

1. Co-defendant Freddie B. Brown pled guilty to facilitation of a felony in exchange for three years and a $500 fine. A nolle prosequi was entered in the case against Marian Daughtery.

2. Although the record is vague, it appears that at the time of his arrest for selling cocaine, appellant was on parole on a federal bank robbery charge. After the arrest, he was returned to federal prison on a parole violation charge.

3. The federal act is known as the Interstate Agreement on Detainers and is commonly referred to as the IAD. Tennessee, however, has entitled the act the "Interstate Compact on Detainers" and that phraseology is used in this opinion unless there is a direct quote from a source outside of Tennessee. Forty-eight states and the United States are parties to the agreement. Mississippi and Louisiana are not.

preclude him from parole consideration and work-placement programs, or may cause him to be confined under more severe security measures than otherwise. *Nelms v. State,* 532 S.W.2d 923, 927 (Tenn.1976) (citations omitted). As a remedial provision, the Compact is to be liberally construed to effect its purposes. *Id.* at 927.

Article III of the Compact provides that a prisoner who has pending "any untried indictment, information or complaint on the basis of which a detainer has been lodged," may request a final disposition of the charges against him. Tenn.Code Ann. § 40–31–101, Art. III (1990 Repl.). Upon such request,

> *he shall be brought to trial* within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of this imprisonment and his request for a *final disposition* to be made of the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

*Id.* (emphasis added).

Most cases construing this provision have involved situations in which the trial itself was continued beyond the one hundred eighty day period. *See, e.g., Johnson v. Stagner,* 781 F.2d 758 (9th Cir.1986); *Birdwell v. Skeen,* 765 F.Supp. 1270 (E.D.Tex. 1991); *Commonwealth v. Wilson,* 231 Pa.Super. 451, 331 A.2d 792 (1974); *State v. Moore,* 774 S.W.2d 590 (Tenn.1989); *Hershel Clark v. State,* 1993 WL 188052, (Tenn.Crim.App., 1993). The facts in this case, however, give rise to a different issue.

■ On September 18, 1991, appellant filed his petition for disposition of pending untried charges with the appropriate federal authority. The date on which the petition was received by the appropriate Shelby County officials is not noted in the record.[4] Appellant's trial commenced on January 27, 1992, and the jury returned guilty verdicts on January 29, 1992. A request for a pre-sentence report was filed on that date and sentencing was set for March 5, 1992. On March 5th, the pre-sentence report had not been completed, and sentencing was continued until April 13, 1992. On that date, the trial court imposed sentence.

The appellant concedes that his *trial* was timely. The question before this court is whether a sentencing hearing which falls outside the one hundred eighty day period invalidates the judgment entered at a trial held within the allotted period. The crux of appellant's argument is that since sentencing is part of the trial, the final disposition of his case did not occur in accordance with Article III(a) of the Compact.

Many courts have recognized that the imposition of a sentence is part of the trial for the purposes of the Sixth Amendment speedy trial guarantee. *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). *See also United States v. Campisi,* 583 F.2d 692 (3d Cir.1978); *United States v. Reese,* 568 F.2d 1246 (6th Cir.1977); *Juarez–Casares v. United States,* 496 F.2d 190 (5th Cir.1974); *Walsh v. United States,* 423 F.2d 687 (9th Cir.1970). Federal courts recognize that the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.,* and the Compact have similar purposes and should be construed together. *United States v. Cephas,* 937 F.2d 816, 819 (2d Cir.1991).

Although sentencing is an integral part of the trial process, the Compact does not require that sentencing be completed within the one hundred eighty day period. The plain language of the Compact indicates that clear distinction between "trial" and "final disposition" was intended. Article III re-

---

4. Appellant counts his one hundred eighty day period from the date of the petition. This is incorrect. Under Tennessee law, the period begins to run on the date the petition is *received* by the court and district attorney in the county where the charges are pending. *State v. Moore,* 774 S.W.2d 590, 593 (Tenn.1989); *Hershel Clark v. State,* 1993 WL 188052 (Tenn.Crim.App., 1993). Since the petition is dated September 18, 1991, it is reasonable to assume that some period of time elapsed before it was received by Shelby County officials. However, under these facts, the date of receipt is irrelevant. Even assuming that it was received on September 18th, there is no violation of the Compact.

quires that a prisoner *"shall be brought to trial* within one hundred eighty (180) days" of the delivery of a request for final disposition to the proper official in the jurisdiction where charges are pending. Tenn.Code Ann. § 40–31–101, Art. III(a) (1990 Repl.) (emphasis added). The only other reference to "trial" is found in paragraph (d). That section requires that "[i]f trial is not had ... prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." *Id.,* Art. III(d). The term "final disposition" is used in reference to the request made by the prisoner.[5] It is never used in reference to the speedy disposition requirement.

The form utilized by the appellant to request a speedy disposition makes this distinction clear. The form is entitled "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints." Only in the letter accompanying the petition is the one hundred eighty day limit mentioned. The wording is precise. It states that "Article III of the Compact Agreement mandates that [petitioner] be *brought to trial within 180 days* from the date you received this petition." A final disposition is not mentioned.

■ The Compact uses the term "request for final disposition" as the title of the request required to set in motion the provisions of Article III. Once the request for final disposition is made, Article III requires that the trial commence within one hundred eighty days of the receipt of that request. It does not require that the trial, including sentencing, be completed within that time period. Such a requirement would, of course, be unwieldy since even the most conscientious trial judges and lawyers cannot predict the time a completed trial will take.

Other courts have similarly construed Article III. In *People v. Beamon,* 83 Mich.App. 121, 268 N.W.2d 310 (1978), appellant's first trial occurred within the appropriate time period. However, that trial ended in a mistrial. The second trial commenced outside the one hundred eighty day time period. The *Beamon* court held that the judgment entered at the second trial was not invalid, stating that "[t]he words 'brought to trial' mean only that a proceeding must be initiated, not that the case be finally disposed of." 268 N.W.2d at 314. Similarly, in *People v. Bielecki,* 41 Colo.App. 256, 588 P.2d 377, *cert. denied,* (Colo.1978), the court found that a trial commencing on the day following the last day of the period and ending after the period expired was within the allotted time frame. 588 P.2d at 378.[6]

Appellant mistakenly relies on the holdings of *Tinghitella v. State,* 718 F.2d 308 (9th Cir.1983) and *Hall v. State,* 678 F.Supp. 858 (M.D.Fla.1987). Both cases are distinguishable from the case at bar. In *Hall* and *Tinghitella,* the prisoners failed to appear for sentencing following conviction. While incarcerated in other jurisdictions detainers were placed against them with respect to the sentencings which were still pending. The Ninth Circuit and the federal district court in Florida agreed that the time period in the Compact applied to the sentencing hearings. The Ninth Circuit in *Tinghitella* stated:

[W]e conclude that the terms "trial" and "final disposition" as used in the IAD encompass sentencing and, therefore, that the IAD imposes an obligation on California to sentence a Texas prisoner in timely fashion *where California has secured the conviction of the prisoner in California but he has not been sentenced before his incarceration in Texas on a Texas conviction.*

718 F.2d at 311 (emphasis added).

Similarly in *Hall,* Florida was required to impose a sentence in a timely fashion on the

---

5. In Article III, "final disposition" is paired with the term "request for" nine times. It is not used in connection with any other expression.

6. *See also People v. Montes,* 173 Cal.App.2d 256, 343 P.2d 141 (1959) (speedy trial statute is satisfied if the trial commences within the period); *State v. George,* 271 N.C. 438, 156 S.E.2d 845 (1967) (statute providing for discharge if accused

is not tried within a stated time does not govern retrial after a mistrial). *But see People v. Castoe,* 86 Cal.App.3d 484, 150 Cal.Rptr. 237 (1978) which implies that sentencing must be completed within the one hundred eighty day period although the prisoner's claim was rejected on other grounds.

appellant, a prisoner incarcerated in Virginia against whom Florida had placed a detainer for sentencing. *Hall,* 678 F.Supp. at 862. Since the state had failed to impose sentence within one hundred eighty days, the court ordered the charges dismissed. *Id.*[7]

In both *Tinghitella* and *Hall,* the courts construed "trial" to include sentencing and required compliance with the Compact when the conviction had preceded the present incarceration and *only* sentencing remained at issue.[8] In both cases the detainers were lodged and the requests for disposition filed regarding the pending sentencings. The requesting jurisdictions then failed to conduct the sentencings within the allotted time period. In appellant's case, the detainer was issued and the request filed on the basis of untried charges. Appellant was brought to trial within the one hundred eighty day limitation period. We hold that the Compact was therefore satisfied by the commencement of the trial within that period even though the sentencing occurred after the time period expired.

The Interstate Compact on Detainers requires only that a trial begin within one hundred eighty days after the receiving state has received a prisoner's request for final disposition. A trial properly commenced within the one hundred eighty day period satisfies the statute, and the Compact is not violated because a sentencing hearing is held some thirty days after the one hundred eighty days would have expired.

The plain language of the statute and the policy behind it dictate such a result. The Compact seeks to ensure that prosecutors file detainers only when substantial grounds exist for bringing the prisoner to trial in other jurisdictions. It further aims to protect prisoners from the difficulties that occur once a detainer has been filed. *Carchman v. Nash,* 473 U.S. 716, 730, 105 S.Ct. 3401, 3408–09, 87 L.Ed.2d 516 (1985). If the trial has been commenced within the one hundred eighty days period, the uncertainty is greatly diminished. Further, if a conviction has resulted, the detainer was obviously not improperly motivated. Thus, we conclude that the more reasoned approach, and the one we adopt, is that commencement of the trial within the appropriate period fulfills the letter and the spirit of the Compact.[9] Consequently, appellant's conviction and sentence are not void.

## II.

Appellant raises two additional issues, neither of which have merit. He contends that the trial court erred in giving a jury instruction on flight and that the evidence is insufficient to support the verdict of guilty. Both of these issues are substantively without merit and are, additionally, procedurally waived.

On both issues, the appellant has failed to make appropriate references to the record, cite authority in support of the issues and arguments advanced, or make appropriate argument.[10] Consequently, both issues

---

7. The result in *Tinghitella* was somewhat different. In that case, the Ninth Circuit held that the appellant had failed to make an appropriate request and refused to grant him relief.

8. Numerous jurisdictions have criticized *Tinghitella* and *Hall* and have refused to consider a detainer for sentencing as appropriate under the Compact holding that the "untried indictment, information, or complaint" language defines the reach and scope of the Act. *United States v. Coffman,* 905 F.2d 330, 332–33 (10th Cir.1990). *See People v. Mahan,* 111 Cal.App.3d 28, 168 Cal.Rptr. 428, 430–31 (1980); *People v. Castoe,* 86 Cal.App.3d 484, 150 Cal.Rptr. 237 (1978); *Moody v. Corsentino,* 843 P.2d 1355, 1369 (Colo. 1993); *People v. Barnes,* 93 Mich.App. 509, 287 N.W.2d 282, 283–84 (1979); *State v. Sparks,* 104 N.M. 62, 716 P.2d 253, 255–57 (App.1986); *People v. Randolph,* 381 N.Y.S.2d 192, 194 (1976);

*State v. Barnes,* 14 Ohio App.3d 351, 471 N.E.2d 514, 516 (1984); *State v. Barefield,* 110 Wash.2d 728, 756 P.2d 731, 733–34 (1988).

9. While other statutory and constitutional provisions may require that sentencing be completed within a reasonable period of time, that question is not before this court. No transcript of the March 5, 1992, sentencing hearing was filed, so we cannot ascertain whether counsel objected to the delay. He did not do so before sentencing on the April 13, 1992, hearing, but did so in his motion for new trial argument following sentencing. *See* Tenn.R.App.P. 36(a). In any event, the brief delay here was not unreasonable.

10. Additionally, while the technical record contains court's charge, the transcript does not. Therefore, no objection to the flight charge is apparent. *See* Tenn.R.App.P. 36(a).

are waived. Tenn.Ct.Crim.App.R. 10(b); *State v. Killebrew,* 760 S.W.2d 228, 231 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1988).

■ In support of appellant's argument that the flight instruction was inappropriate in this instance, appellant's brief states in conclusory terms that the record does not support giving an instruction on flight and makes no reference to any legal authority. Factually, appellant refers to the testimony of a single police officer who stated that, as he approached to apprehend the appellant, the appellant returned around the corner of the apartment where he had gone during the drug purchase. Reference to the testimony of a single witness who was unable to view appellant's actions once he rounded the corner is not sufficient to demonstrate that the *record* as a whole does not sustain a flight instruction.

In addition to the testimony noted by appellant, another witness testified specifically that appellant "attempted to flee between . . . two houses . . . in a westerly direction." Thus, even if the issue were sufficiently briefed, appellant's argument would fail. Flight from the crime scene may be taken in any manner. "[I]t may be open, or it may be hurried or concealed." *Rogers v. State,* 2 Tenn.Crim.App. 491, 455 S.W.2d 182, 187, *cert. denied,* (Tenn.1970).

Here, Sergeant Lawrence Jamison, the undercover agent who purchased the cocaine, observed appellant walk away from the scene and around the corner of the house while back-up officers were taking a co-defendant into custody. Another officer, Sergeant Lendel Jamison, testified that as he approached the area by walking between two houses, he encountered the appellant in his attempt to flee. On cross-examination, Lendel Jamison stated, "I was walking in an easterly direction. He was running in a westerly direction."

The record contains sufficient proof from which a reasonable person could infer that appellant was attempting to conceal himself between the two houses in order to leave the scene of the drug sale unnoticed by the police. Thus, the jury was entitled to evaluate this evidence and determine whether flight was established, and, if so, whether an inference of consciousness of guilt arose. *Hall v. State,* 584 S.W.2d 819, 821 (Tenn.Crim.App. 1979). The judge gave the jury those options in a proper jury instruction. Contrary to appellant's argument, the trial court did not err in tendering this flight instruction to the jury.

Appellant has also failed to brief his challenge to the legal sufficiency of the evidence. In fact, the brief contains only a single sentence that pertains to the sufficiency of the evidence.[11] The brief contains no citations to legal authority on the sufficiency of the evidence and no argument as to why the evidence is insufficient. Therefore, this issue is waived. Tenn.R.Crim.App.P.Rule 10(b); *State v. Galloway,* 696 S.W.2d 364, 368 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1985).

■ Moreover, had the issue been appropriately addressed, we would still find no merit to the issue. When the sufficiency of the evidence is challenged, the standard for review by an appellate court is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan,* 698 S.W.2d 63, 67 (Tenn.1985). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). This court should not reweigh or reevaluate the evidence presented to the trial court. *Id.* at 836. Nor may this court substitute its inferences for those drawn by the trier of fact. *Liakas v. State,* 199 Tenn. 298, 286 S.W.2d

11. Although the heading to "Argument III" of appellant's brief indicates that the sufficiency of the evidence is discussed, only a single sentence in the two paragraphs in that section is remotely related to the issue. That sentences states: "Appellant would submit that this case was at best a very close case of guilt and that reading the Flight Instruction was enough in itself to sway the jury."

856, 859 (1956); *Farmer v. State*, 574 S.W.2d 49, 51 (Tenn.Crim.App.), *cert. denied*, (Tenn. 1978).

In the present case, the record demonstrates that the police conducted an undercover drug buy in which appellant was a participant. He initially was approached by a co-defendant who had been given money to buy cocaine by an undercover agent. Appellant went around an apartment building with the co-defendant briefly, returned, and shook his hand. The co-defendant returned two rocks of crack cocaine to the undercover agent. When the officer gave the signal to other officers to make the arrest, appellant was observed throwing something while running from the scene. When the thrown objects were retrieved, one was a paper bag containing crack cocaine and the other was a small bottle also containing crack. The crack was wrapped in aluminum foil in a fashion similar to that just purchased by the undercover agent. Although no money or drugs were found on appellant's person, the evidence was sufficient for a rational jury to find appellant guilty beyond a reasonable doubt of possession of cocaine with intent to sell. Appellant's feeble argument otherwise is without merit.

The judgment of the trial court is affirmed.

DWYER, J., and JAMES C. BEASLEY, Special Judge, concur.