# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JANUARY 1998 SESSION

FILED

January 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9702-CC-00051 |
| Appellee, | ) | |
| | ) | DECATUR COUNTY |
| VS. | ) | |
| | ) | HON. C. CREED McGINLEY, |
| BRIAN CHRISTIAN | ) | JUDGE |
| LAUTENSCHLAGER, | ) | |
| | ) | |
| Appellant. | ) | (Attempted First Degree Murder |
| | ) | and Aggravated Robbery) |

**FOR THE APPELLANT:**

**RICHARD H. WALKER**
19 Natchez Trace Drive
P. O. Box 530
Lexington, TN 38351-0530

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**G. ROBERT RADFORD**
District Attorney General

**JERRY W. WALLACE**
Assistant District Attorney General
P. O. Box 637
Parsons, TN 38363-0637

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

# **O P I N I O N**

Defendant, Brian Christian Lautenschlager, filed this direct appeal as a result of his convictions by a Decatur County jury of the offenses of aggravated robbery and attempted first degree murder. He was sentenced to thirty (30) years as a Career Offender for the Class B offense of aggravated robbery and sixty (60) years as a Career Offender for the Class A offense of attempted first degree murder with the sentences to run consecutively. He presents the following issues for our review:

> (1) whether the evidence was sufficient to support the conviction of attempted first degree murder;

> (2) whether the trial court erred in refusing to compel the state to produce certain weapons;

> (3) whether the trial court erred in failing to excuse jurors

> (4) whether the trial court erred in not allowing the defendant to testify as to certain statements made by a co-defendant; and

> (5) whether the sentences imposed by the trial court were proper

After a careful review of the record, we affirm the judgment of the trial court.

## **FACTS**

At approximately 10:00 p.m. on October 19, 1995, the defendant, along with Diane Brown and Charlie Davis, entered the Sportsman Club in Decatur County. The victim, Dennis White, was the operator of the establishment and was the only other person present at that time. While Brown and Davis were playing pool, defendant stated he was going outside to get a pool stick.

Defendant re-entered the establishment armed with a sawed-off shotgun. Defendant pointed the shotgun at White's head from only a few feet away and demanded money. White predictably complied by placing approximately $500 from the cash register onto the bar and pleaded with the defendant, "There's no need to kill me... I've got two (2) kids at home... I don't even know you." The defendant replied, "Yeah, you know me. My name is Chris." The defendant then smiled at White and fired the shotgun at him. White dodged, causing the primary shotgun pattern to miss him; however, part of the blast left a flesh wound on his left

2

shoulder and "blowed [his hat] over the back of [his] head." White then secured his own pistol causing defendant to flee the building. While outside, White wounded Brown and observed the defendant retrieve a pistol from an automobile. White fled. Defendant then fired two (2) or three (3) shots, and White was hit in the right leg while he was running away. White eventually made it to the safety of a neighbor's home.

The defendant, Brown, and Davis subsequently fled to Florida and then to California where defendant's grandmother resided. All three (3) were captured in California.

White and Brown testified for the state and positively identified the defendant as the person who fired both the shotgun and the pistol at White. Davis had fled the jurisdiction and was unavailable at the time of trial. Defendant testified that Davis was the person who confronted White and fired the weapons. The jury obviously rejected the testimony of the defendant.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends there was no evidence of premeditation; therefore, the evidence was insufficient to support attempted first degree murder.

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. Id. This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn.

3

Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

At the time of the commission of this offense first degree murder was the "premeditated and intentional killing of another." Tenn. Code Ann. § 39-13-202(a)(1)(Supp.1995). "'Premeditation' is an act done after the exercise of reflection and judgment," and "the intent to kill must have been formed prior to the act itself." Tenn. Code Ann. § 39-13-202(d); State v. West, 844 S.W.2d 144, 147 (Tenn. 1992). It was not necessary to show that a killing was "deliberate" as the statute had recently been amended to delete this element. 1995 Public Acts, Chapter 460, § 1. In order to be convicted of an attempted first degree murder, one would have to act intentionally and with premeditation in an attempt to murder another. Tenn. Code Ann. § 39-12-101(a). These necessary elements may be established by circumstantial evidence. State v. Brown, 836 S.W.2d 530, 541 (Tenn. 1992).

The evidence is certainly sufficient to support the intentional and premeditated attempt to kill the victim. The defendant left the establishment and returned with a deadly weapon. Upon the victim pleading for his life, the defendant smiled at the victim and fired his shotgun at the victim from only a few feet away. Outside the defendant retrieved a pistol from his car and shot at the fleeing victim two (2) or three (3) more times, striking him with one of those shots. It was the jury's prerogative to reject defendant's version of the events. Accordingly, the evidence is sufficient to support the jury's verdict.

This issue is without merit.


**FAILURE TO PRODUCE WEAPONS**


Defendant complains of the trial court's failure to order the state to produce the weapons confiscated at the time of defendant's arrest in California. Defendant believes these

weapons would have provided exculpatory evidence showing that Davis committed the crimes.

Firstly, this issue is waived since the defendant has failed to make appropriate references to the record. Tenn. Crim. App. Rule 10(b); State v. Turner, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995); State v. Hill, 875 S.W.2d 278, 283-84 (Tenn. Crim. App. 1993); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988); *see also* Tenn. R. App. P. 27(a)(7) and (g).

Secondly, as noted by the trial court, there has been no showing that the production of these weapons would provide exculpatory information.

This issue is without merit.

## FAILURE TO EXCUSE JURORS

Defendant next contends the trial court erred in failing to excuse "several jurors" who were related to the assistant district attorney general. Again, the defendant failed to cite to appropriate references in the record. Accordingly, the issue is waived.

Secondly, our cursory review of the *voir dire* reveals that two (2) potential jurors were related to the prosecuting attorney. There was no request that these jurors be excused for cause. The issue is, therefore, waived. Tenn. R. App. P. 36(a). Furthermore, these jurors were excused by peremptory challenges, and the defendant did not exercise all of his peremptory challenges. The failure to excuse a juror for cause is grounds for reversal only if the defendant exhausts all peremptory challenges and an incompetent juror is forced upon him. Ross v. Oklahoma, 487 U.S. 81, 89, 108 S.Ct. 2273, 2279, 101 L.Ed.2d 80 (1988); State v. Jones, 789 S.W.2d 545, 549 (Tenn. 1990).

This issue is without merit.

## HEARSAY TESTIMONY

Defendant contends the trial court erred in not allowing the defendant to testify as to statements made by Davis. During his direct examination the defendant was asked who

made the statement to White about going outside to get a pool stick. The defendant replied that Davis was the person who said he was going to get a stick. The trial court sustained the state's hearsay objection.

We agree with defendant's contention that the testimony was not hearsay. The statement was not introduced to prove the truth of the matter asserted. *See* Tenn. R. Evid. 801(c). The statement was introduced to show the identity of the person who made the statement, not its truth or falsity. However, this was clearly harmless error. Tenn. R. Crim. P. 52(a).

## SENTENCING

Finally, defendant contends the trial court erred by classifying him as a Career Offender and further erred by imposing excessive sentences. The trial court sentenced the defendant as a Career Offender to sixty (60) years for attempted first degree murder and thirty (30) years for aggravated robbery with the sentences to run consecutively.

If a defendant is convicted of a Class A or Class B felony, he is a Career Offender if he has at least three (3) prior Class A felony convictions or any combination of four (4) prior Class A or Class B felony convictions. Tenn. Code Ann. § 40-35-108(a)(2). The defendant had four (4) prior Class A convictions for assault with intent to commit first degree murder. Therefore, he had the requisite number and class of prior convictions.

Defendant argues that the four (4) prior Class A felonies should not be separately considered since they were committed within a 24-hour period. Tenn. Code Ann. § 40-35-108(b)(4) provides that multiple felonies committed as a part of a single course of conduct within a 24-hour period are to be considered only one conviction for purposes of determining prior convictions; however, the statute exempts offenses threatening bodily injury to the victim. Defendant's prior convictions for assault with intent to commit first degree murder come within this exemption.

Defendant was, therefore, properly classified as a Career Offender. As such, the trial court only had one option as to the length of the sentences for these offenses. A Career Offender sentenced for a Class A felony must receive a sentence of sixty (60) years. Tenn.

6

Code Ann. § 35-40-108(c); Tenn. Code Ann. § 40-35-112(c)(1). A Career Offender sentenced for a Class B felony must receive a sentence of thirty (30) years. Tenn. Code Ann. § 40-35-108(c); Tenn. Code Ann. § 40-35-112(c)(2). The classification and length of the sentences were properly determined by the trial court.

The trial court found that the sentences should run consecutively finding the defendant to be a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life was high. Tenn. Code Ann. § 40-35-115(b)(4). The court further found that consecutive sentences properly related to the severity of the offenses, and society needed to be protected from the defendant. *See* State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). Since the record clearly supports these findings, we conclude that the defendant was properly sentenced.

## CONCLUSION

After a thorough review of the record, we AFFIRM the judgment of the trial court in all respects.

_____
                                              **JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**JOE B. JONES, PRESIDING JUDGE**


_____
**PAUL G. SUMMERS, JUDGE**

7