# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## AUGUST SESSION, 1996

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9509-CC-00250 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | DYER COUNTY |
| VS. | ) | |
| | ) | HON. JOE G. RILEY |
| SOLOMON AKINS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sufficiency of Evidence-Sentencing) |

FILED

March 26, 2008

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

G. STEPHEN DAVIS
District Public Defender
208 N. Mill Avenue
Dyersburg, TN  38025-0742

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

PHILLIP BIVENS
District Attorney General

JAMES E. LANIER
Assistant District Attorney
115 E. Market
Dyersburg, TN  38024

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

This is an appeal as of right pursuant to Tenn. R. App. P. 3. On January 26, 1995, Appellant was convicted by a jury of five counts of selling less than .5 grams of cocaine. As a Range II offender, Appellant received a sentence of eight years and six months for each count. All five of these sentences were concurrent to each other, but consecutive to two previous convictions he was serving on probation. In this appeal Appellant alleges the evidence is insufficient to support the verdicts, and that his sentence is excessive. Having reviewed the record in this matter we are of the opinion that the convictions and sentence are fully supported by the law and evidence and that this matter should be affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

Appellant's complaint concerning the sufficiency of the evidence centers around his contention that the undercover operative, used by police to buy cocaine from Appellant, is untrustworthy. As such, Appellant asks this Court to re-weigh her testimony. We must decline his request.

It is axiomatic that the credibility of witnesses is a matter that is entrusted exclusively to the jury as the triers of fact. A guilty verdict that is approved by the trial judge accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of prosecution theory. This Court may not reweigh matters of witness credibility. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). State v. Evans, 838 S.W.2d 185, 191 (Tenn. Crim. App. 1992). We will not disturb the jury's obvious finding that the undercover operative testified truthfully.

Appellant's complaint with regard to his sentence is waived due to a failure to argue or cite any authority reflecting why his sentence is excessive.  State v. Hill, 875 S.W.2d 278, 284 (Tenn. Crim. App. 1993).  However, we have nevertheless reviewed the record and found the trial judge applied three enhancement factors and one mitigating factor.  No complaint is made as to the application of the enhancement factors.  In addition there is not complaint that applicable mitigating factors were not considered.  Appellant has a previous history of criminal convictions, he had a history of unwillingness to comply with conditions of release into the community, and the offenses which are the subject of this appeal were committed while Appellant was on probation.  While Appellant's conduct did not threaten or cause serious bodily injury to anyone, this mitigating factor's importance is diminished by the nature of the offenses and the seriousness of the enhancement factors.  The possible sentence for a Range II defendant convicted of selling less that .5 grams of cocaine is six and ten years.  Under the circumstances Appellant's sentence in the middle of this range is not excessive.

The convictions and sentence are affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
WILLIAM M. BARKER, JUDGE