# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## MARCH 1998 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9702-CC-00059 |
| Appellee, | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. DONALD P. HARRIS, |
| JOHN WILLIAM KUHLMAN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Assault) |

**FOR THE APPELLANT:**

**JOHN WILLIAM KUHLMAN,** *Pro Se*
341 Stable Drive
Franklin, TN  37064

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DARYL J. BRAND**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**JOSEPH D. BAUGH, JR.**
District Attorney General

**JEFFREY P. BURKS**
Assistant District Attorney General
Williamson County Courthouse
Suite G-6
P.O. Box 937
Franklin, TN  37065-0937

**OPINION FILED:** _____

**CONVICTION AFFIRMED;**
**REVERSED AND REMANDED AS TO FINE**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, John William Kuhlman, was convicted by a Williamson County jury of assault, the Class B misdemeanor. The trial court sentenced him to six (6) months in the county jail and approved the jury's assessment of a fine of $2,500. On appeal, defendant presents several issues for our review, including: (1) whether the evidence is sufficient to support the jury's verdict; (2) whether the state proved his sanity at the time of the offense; (3) whether his preliminary hearing was held in violation of Tenn. R. Crim. P. 5; (4) whether the trial court erred in refusing to strike hearsay evidence; and (5) whether he was denied his right against self-incrimination when he was compelled to testify at his sentencing hearing. We affirm defendant's conviction; however, because the jury imposed a fine that exceeds the statutory maximum for a Class B misdemeanor, we remand so that a new jury may be empaneled on the sole issue of fixing a fine.

**FACTS**

The state's proof revealed that on May 12, 1996, Roland Penaloza, the victim, was shopping at Kroger grocery store in Franklin when he noticed a man watching him. The man, later identified as the defendant, began following him in the store. Penaloza turned to face the defendant and said, "how are you doing, sir?" Suddenly, without provocation, and much to the surprise of Penaloza, the defendant kicked him in the groin. Predictably, Penaloza perceived prodigious pain.

When the victim asked defendant why he would do such a thing, defendant reached into his coat and responded that he would kill the victim. Penaloza, fearing that defendant was reaching for a weapon, went to tell the store clerk to call the police. Defendant replied, "I am the police." One of the clerks then watched defendant leave the store from a side exit.

The incident was witnessed by another Kroger customer, Keith Vaughn. Vaughn testified that Penaloza did nothing to provoke defendant's actions. He also

2

feared that defendant was grabbing a weapon when defendant reached into his coat.

The police arrived within minutes. After apprehending defendant in front of the store, they were unable to locate any kind of weapon on his person. Defendant denied any involvement in the incident to the police. When asked why Penaloza would fabricate the incident, defendant referred to the victim using a racial slur.

The defendant did not testify or offer any proof at trial.

The jury returned a guilty verdict for assault, the Class B misdemeanor, and assessed a fine of $2,500. The trial court approved the $2,500 fine and sentenced defendant to six (6) months in the county jail. From this conviction, defendant brings this appeal.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, defendant challenges the sufficiency of the evidence. He argues that he effectively impeached the eyewitnesses to the incident, Penaloza and Vaughn. He maintains that both witnesses were untruthful, and the jury should have been instructed accordingly. Therefore, he contends that the evidence is insufficient to find him guilty beyond a reasonable doubt.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. Bigbee, 885 S.W.2d at 803; Harris, 839 S.W.2d at 75. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty

3

beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

The defendant was convicted of Class B misdemeanor assault, which is defined as intentionally or knowingly causing "physical contact" with another that a "reasonable person" would regard as "extremely offensive or provocative." Tenn. Code Ann. § 39-13-101(a)(3). The state's proof at trial showed that defendant approached the victim and made physical contact by kicking him in the groin without provocation. The proof further shows that the victim was extremely offended by this action. We are further satisfied that any reasonable person would regard such physical contact as extremely offensive. The state proved the elements of the offense beyond a reasonable doubt.

As for defendant's contention that he effectively impeached the state's witnesses, the weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Brewer, 932 S.W.2d at 19; State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984). The jury resolved any inconsistencies in the witnesses' testimony in favor of the state.

This issue is without merit.

## INSANITY

In a related issue, defendant argues that the state did not prove that he possessed the requisite criminal intent to commit the offense. He alleges that he suffers from a "certified brain disorder . . . to wit, bipolar disorder (manic depression) and probably atypical seizure disorder." He insists that he was "not of sound mind" on the day of the incident. Therefore, he argues that the state cannot prove that he is guilty of this offense beyond a reasonable doubt because he lacks culpability.

4

A defendant must give written notice of an intent to rely upon the insanity defense. Tenn. R. Crim. P. 12.2(a). No such notice appears in the record. Insanity is an affirmative defense which the defendant must prove by clear and convincing evidence. Tenn. Code Ann. § 39-11-501(a). At trial, defendant presented no proof on the issue of insanity.[1] Moreover, there is no evidence in the record, other than defendant's allegation, that he was suffering from any type of psychological disorder. Therefore, this issue has no merit.

## WAIVER OF REMAINING ISSUES

As to the remaining issues, we must note that defendant did not file a motion for new trial after the judgment was entered. Failure to file a motion for new trial within thirty days from the date the order of sentence is entered results in defendant losing the opportunity to argue on appeal any issues that should have been presented in the motion for new trial. Tenn. R. App. P. 3(e); *see also* State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997); State v. Clinton, 754 S.W.2d 100, 103 (Tenn. Crim. App. 1988). These issues, therefore, have been waived.

These issues have also been waived for failure to make appropriate citations to the record and for failure to cite authority to support his argument. Tenn. Crim. App. Rule 10(b); State v. Turner, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995); State v. Hill, 875 S.W.2d 278, 283-84 (Tenn. Crim. App. 1993); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988); *see also* Tenn. R. App. P. 27(a)(7) and (g).

Furthermore, the issues are waived on other grounds as well. Firstly, defendant complains of the procedure surrounding his preliminary hearing in that it was not held in conformance with Tenn. R. Crim. P. 5. However, the transcript of defendant's preliminary hearing is not in the record before this Court. When no evidence is preserved in the record for review, we are precluded from considering

---

[1] Although admittedly bizarre, evidence of kicking another in the groin without provocation is insufficient, in and of itself, to place an insanity defense properly before the court and jury.

the issue. State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). In addition, we fail to see how such preliminary hearing allegations are material since the defendant was subsequently indicted.

Secondly, defendant alleges that the trial court refused to "strike hearsay evidence in trial." However, defendant points to no specific portions of testimony that should have been stricken as hearsay. This issue is much too broad in scope; therefore, it is waived. Tenn. R. App. P. 27(a)(4); State v. Dykes, 803 S.W.2d 250, 254 (Tenn. Crim. App. 1990).

Lastly, defendant claims that he was denied his right against self-incrimination when he was called to testify at his sentencing hearing. When the state called defendant to testify, the trial court informed him that he did not have to answer any questions regarding the subject offense. Additionally, defendant refused to answer many of the assistant district attorney's questions claiming, "I don't know." We find that defendant's rights against compulsory self-incrimination were not violated.

This issue has no merit.

## FINE

Although defendant does not raise this as an issue, we note that the jury imposed a fine of $2,500 for the offense. This fine was approved and imposed by the trial court. However, the maximum fine provided by statute for a Class B misdemeanor is $500. Tenn. Code Ann. § 40-35-111(e)(2). Article VI, Section 14 of the Tennessee Constitution provides that every citizen has the right to have a jury of his peers assess any fine in excess of $50. This Court may not, therefore, reduce defendant's fine to correct this error. State v. Martin, 940 S.W.2d at 570-71. However, it is permissible to remand the case for a determination on the issue of the fine alone, so that defendant may have a jury assess a fine within the statutory limits. Id. It is not constitutionally required that "the same jury fix the fine that finds the defendant guilty." Id. at 570. Therefore, we remand this case to the trial court

6

where a new jury shall be empaneled to fix the fine. The issue of guilt has already been properly determined by a jury.

## CONCLUSION

For the foregoing reasons, we affirm defendant's conviction. However, because the jury fixed a fine in an amount which exceeded the statutory limit for a Class B misdemeanor, we remand for a new jury to fix the amount of the fine.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**DAVID H. WELLES, JUDGE**